Erin N. Bass (Bar No. 030104)
erin.bass@dentons.com
Kristian B. Garibay (Bar No. 035974)
Kristian.garibay@dentons.com
DENTONS US LLP
2398 E. Camelback Road, Ste. 850
Phoenix, AZ 85016-9007
Telephone:  602 508 3900
Facsimile:  602 508 3914

*Attorneys for Defendant Heart of the House Hospitality, Inc.*

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renata Sogomonyan,<br><br>       Plaintiff,<br><br>vs.<br><br>Alan G. Seibert, et al.,<br><br>       Defendants. | Case No.<br><br>**DEFENDANT HEART OF THE HOUSE HOSPITALITY, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1367, 1441, AND 1446** |

TO:   CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1367, 1441 and 1446, the above-captioned action is removed by Defendant HEART OF THE HOUSE HOSPITALITY, INC. ("HOTHH"), from the Superior Court of the State of Arizona in and for the County of Maricopa to the United States District Court for the District of Arizona by the filing of this Notice of Removal with the Clerk of the United States District Court for the District of Arizona. HOTHH by and through its undersigned attorneys, respectfully states the following as grounds for removal of this action:

. . .

US_Active\118493857\V-1

## I.  BACKGROUND FACTS APPLICABLE TO REMOVAL.

1. On May 14, 2021, Plaintiff filed a Complaint in the Superior Court of the State of Arizona in and for the County of Maricopa, entitled *Renata Sogomonyan v. Alan Seibert, Heart of the House Hospitality, Inc., JP Morgan Chase Sky Harbor Operations Center*, CV2021-007931.

2. Plaintiff claims that while she was working as a temporary employee for HOTHH, a "kitchen manager" Defendant Alan Seibert poured rat poison into her drink. She claims that she drank it and became sick. She further alleges that Defendant Seibert and three other unnamed people raped her in 1990 in New York.

3. Plaintiff alleges thirteen causes of action: intentional tort (Count One); personal injury (Count Two); negligence (Count Three); personal liability (Count Four); premeditated attempted murder (Count Five); attempted murder (Count Six); violation(s) of the Employer's Liability Act and the Federal Employer's Liability Act (Count Seven); corporate criminal liability (Count Eight); criminal liability (Count Nine); vicarious liability (Count Ten); first-degree aggravated gang rape (Count Eleven); first-degree aggravated sexual assault (Count Twelve); and first-degree aggravated assault (Count Thirteen).

4. Plaintiff seeks compensatory damages and punitive damages.

5. HOTHH received a copy of the Summons and Complaint in the Action on May 27, 2021, by personal service on its statutory agent.  Accordingly, HOTHH has timely filed this Notice of Removal within thirty (30) days of service, as required under 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 3.6(b), true and correct copies of "all process, pleadings, and orders" filed in State Court are attached as Exhibit A. Included with Exhibit A is a docket sheet from the State Court.

7. Defendants Alan Seibert and JP Morgan Chase Sky Harbor Operations Center have consented to this Notice of Removal. Their joinders are attached as Exhibit B.

8. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the District of Arizona, and pursuant to 28 U.S.C. § 1446(d) and Local Rule 3.6(a), written notice of this filing and any attendant supplementary papers required by this Court will be provided to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of Maricopa County, Arizona.

9. This Notice of Removal is signed by counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. § 1446(a).

## II.    FEDERAL QUESTION JURISDICTION

10. This action may be removed to this Court by HOTHH pursuant to the provisions of 28 U.S.C. §§ 1367, 1441 and 1446.

11. Federal question jurisdiction exists because Counts Four though Eight expressly allege causes of action based on federal law. For example, in Count VII, Plaintiff asserts that Defendants violated the Federal Employer's Liability Act, 45 U.S.C. § 51, which provides a federal cause of action for common carrier workers who suffer personal injuries as a result of their employer's or co-worker's negligence.

12. This action may be removed pursuant to 28 U.S.C. §§ 1441 and 1367(a). Any civil action brought in a state court of which the district courts of the United States have original jurisdiction is removable under 28 U.S.C. § 1441. Further, the court has supplemental jurisdiction over this action under 28 U.S.C. § 1367(a).

## III.    SUPPLEMENTAL JURISDICTION

13. 28 U.S.C. § 1367(a) provides, in pertinent part, as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

14. The statute limits the power of courts to refuse to exercise supplemental jurisdiction over claims that are part of the same Article III case or controversy as other claims over which the federal district courts have jurisdiction. By "providing that 'the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution,' [the statute] confers power to entertain supplemental jurisdiction in mandatory terms." *Executive Software v. United States Dist. Court*, 24 F.3d 1545, 1555 (9th Cir. 1994), *overruled on other grounds by California Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

15. Under 28 U.S.C. § 1367(a), whether claims form part of the same Article III case or controversy as claims in an action within the jurisdiction of the federal courts is determined by the standards of *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). H.R. Rep. No. 734, 101st Cong., 2nd Sess., reprinted in 1990 U.S.C.C.A.N. 6860, 6875 n.15; see also *Owner-Operator Indep. Drivers Ass'n v. Swift Transp. Co*, No. CV 02-1059-PHX-PGR, 2004 WL 5376210, at *4 (D. Ariz. July 27, 2004) (supplemental jurisdiction exists over a counterclaim if there is a loose factual connection between the counterclaim and the underlying claim.).

16. Plaintiff's state-law claims form part of the same Article III case or controversy as the asserted federal-law claims. All of Plaintiff's claims asserted in the Complaint stem from allegations that another individual poisoned her while she was at work. Moreover, Plaintiff's claims regarding the alleged sexual assault concern the same individual, Defendant Alan Seibert, that allegedly poisoned her drink.

17. Accordingly, Plaintiff's claims are part of the same case or controversy as the other claims asserted in the complaint. Pursuant to 28 U.S.C. § 1331 and § 1332, federal question jurisdiction exists over the claims asserted under federal law. Therefore, these state-law claims are subject to supplemental jurisdiction under 28 U.S.C. § 1367(a). See *Trs. of the Constr.*

4

*Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

## IV. CONCLUSION

Thus, HOTHH requests that the action now pending against it in the Superior Court of the State of Arizona in and for the County of Maricopa be removed to the United States District Court for the District of Arizona, and further requests that this Court assume jurisdiction over the cause herein as provided by law.

Dated June 28, 2021.

                                                DENTONS US LLP

By: */s/ Erin N. Bass*
    Erin N. Bass
    Kristian B. Garibay
    2398 E. Camelback Road, Ste. 850
    Phoenix, AZ 85016-9007

*Attorneys for Defendant Heart of the House Hospitality, Inc.*

**ORIGINAL** of the foregoing efiled via
CM/ECF this 28th day of June, 2021, with

**COPY** of the foregoing mailed/emailed
this same date to:

Renata Sogomonyan
6599 E. Thomas Road, #2072
Scottsdale, AZ 85251
renata.resume@yahoo.com
*Plaintiff Pro Se*

*/s/ Lisa M. Podsiadlik*